# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| ANTHONY DAVIS,<br>CDCR #T-48683,<br><br>                              Plaintiff,<br><br>vs.<br><br>A. LYNN, Correctional Officer;<br>D. GONSALEZ, Correctional Officer;<br>F. FREGOSA, Correctional Officer,<br>                              Defendants. | Civil No.   1:08-1245 BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[Doc. No. 16]** |

## I. PROCEDURAL BACKGROUND

Anthony Davis ("Plaintiff"), a prisoner currently incarcerated at Mule Creek State Prison located in Ione, California, proceeding pro se and *in forma pauperis,* has filed a civil rights action pursuant to 42 U.S.C. § 1983.

Defendants Lynn, Gonzales[1] and Fregosa ("Defendants") have filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 16]. Although Plaintiff was granted an extension of time to respond to Defendants' Motion, to date he has failed to file an Opposition.

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that he was falsely accused of a "lewd act" on Defendant Lynn on September 15, 2007. *See* Compl. at 3. Defendant Lynn called for assistance from Defendants Gonzales and Fregosa who came and escorted Plaintiff out of the building. *Id.* After they left the building, Plaintiff claims Defendants Gonzales and Fregosa "pushed my face, head and body up against a [wall] hard several times until I was dazed." *Id.* He further alleges that Defendants Gonzales and "slammed me down to the ground (face first) while twisting my arms which I was still cuffed up." *Id.* Plaintiff claims that during this incident, Defendant Lynn "was laughing and pointing at me." *Id.* Finally, Plaintiff alleges that "not only was I hurt physically but their abuse caused me mental and emotional injury as well." *Id.*

## III.   DEFENDANTS' MOTION TO DISMISS

### A.   Defendants' Arguments

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) on three grounds:  (1) Plaintiff has failed to state a claim against Defendant Lynn; (2) Plaintiff has failed to state a claim against Fregosa and Gonzales; and (3) Defendant Lynn is entitled to qualified immunity. *See* Defs.' Mot. at 1-7.

### B.   FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's

---

[1] Plaintiff names Defendant "Gonsalez" but according to the Motion filed by Defendants' counsel, the correct spelling of this Defendant's name appears to be "Gonzales."

complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

In order to "avoid dismissal under Rule 12(b)(6) motions, a plaintiff must aver in his complaint 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

### C. Eighth Amendment Claims

Defendants argue that Plaintiff has failed to state an Eighth Amendment claim against any of the named Defendants. Plaintiff alleges that Defendants Gonzales and Fregosa pushed his "face, head and body" up against a wall several times until he was "dazed." Compl. at 3. Then

Plaintiff alleges Gonzales and Fregosa "slammed" him down to the ground face first while "twisting [Plaintiff's] arms" even while he was handcuffed *Id.*

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To determine whether Plaintiff has satisfied the malicious and sadistic standard, the Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

Here, Plaintiff's factual allegations that he was pushed against a wall multiple times and "slammed" down to the ground even though he was handcuffed, are sufficient to state an Eighth Amendment excessive force claim. Thus, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims.

Defendants fail to argue that Plaintiff has not sufficiently alleged an Eighth Amendment failure to protect claim against Defendant Lynn. In addition, they do not argue that Defendant Lynn is entitled to qualified immunity with respect to Plaintiff's Eighth Amendment failure to protect claims. Thus, those claims remain in this action.

### D.     Verbal Harassment

Defendants also seek dismissal of Plaintiff's claims that Defendant Lynn was "laughing and pointing" at him on the grounds that these claims, standing alone, cannot constitute a constitutional violation. *See* Defs.' Mot. at 5-6. To the extent that Plaintiff is seeking to hold Defendant Lynn liable for harassing him, the Court agrees with Defendants that he has failed to state a claim. Verbal harassment or verbal abuse by prison officials generally does not constitute a violation of the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830

F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

Thus, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's verbal harassment claims pursuant to FED.R.CIV.P. 12(b)(6).

### E.     Qualified Immunity

Defendant Lynn also seeks dismissal of Plaintiff's allegations of verbal harassment on qualified immunity grounds. However, because the Court has dismissed these claims, the Court need not reach any issues regarding qualified immunity with respect to a claim which the Court has found that Plaintiff failed to allege a constitutional violation. *See County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### IV.    CONCLUSION

For all the reasons set forth above, the Court hereby:

GRANTS Defendants' Motion to Dismiss Plaintiff's verbal harassment claims and DENIES Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6). Defendants shall file an Answer to Plaintiff's Complaint, and serve it upon Plaintiff, no later than twenty (20) days after the date upon which this Order is filed.

**IT IS SO ORDERED.**

DATED: October 26, 2009

Honorable Barry Ted Moskowitz
United States District Judge