# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **ANTHONY DAVIS, CDCR #-T-48683,** | Civil No.   1:08cv01245-BTM (BLM) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT** |
| vs. | |
| **A. LYNN, Correctional Officer;**<br>**D. GONSALEZ, Correctional Officer;**<br>**F. FREGOSA, Correctional Officer,** | (Dkt No. 41) |
| Defendants. | |

Plaintiff Anthony Davis ("Davis"), a state prisoner serving a life sentence for murder and robbery, proceeding *pro se* and *in forma pauperis* with this 42 U.S.C. § 1983 civil rights action, alleged Eighth Amendment violations arising from a September 15, 2007 incident at Pleasant Valley State Prison involving claims of excessive force by the named correctional officers. By Order entered March 30, 2011, the Court granted Defendants' Motion For Summary Judgment and judgment was entered in their favor. (Dkt No. 39.) Davis now moves for an Order to vacate the judgment pursuant to Fed. R. Civ. P. 59(e), a rule addressing motions for new trial or to "alter or amend a judgment" and providing such a motion "must be filed no later than 28 days after the entry of the judgment." Davis states the ground for his motion:

> This March 29th, 2011 court order was erroneous and contrary to law; in the court order, it states that plaintiff failed to file a[n] opposition to defendant's motion for summary judgment. In fact, plaintiff filed his opposition on 8-16-2010.

Dkt No. 41 1:14-19.

1    However, contrary to Davis' representation, the docket shows no entry for any activity in this case during the month of August 2010. In addition, although Davis states he attached a "memorandum of law" to his motion to vacate the judgment, the filing is comprised of a single-page document. Contrary to Davis' inference, summary judgment was not entered based on the absence of an Opposition to the motion, even though Davis was informed that could happen in the Klingele / Rand notice the Court provided him in the briefing schedule Order. The Court reached the merits of Davis' complaint allegations in ruling on defendants' Motion For Summary Judgment, despite the absence of an Opposition, because his Complaint was verified and his sworn deposition testimony was before the Court. *See* Dkt No. 39, 6:9-18. The facts averred in those materials constituted admissible evidence in support of his allegations for purposes of deciding the motion. *See* Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996). In deciding the motion, the Court applied FED. R. CIV. P. 56 standards to all the evidence presented, construing it in the light most favorable to Davis as the non-moving party. Id. 8:27-28; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Moreover, in addition to the merits result finding no constitutional violation had occurred in the defendants' use of force, the Court also found the doctrine of qualified immunity would shield these defendants from liability for civil damages even were the record construed to find a constitutional violation. Dkt No. 39, 11:8-20; *see* Pearson v. Callahan, 555 U.S. 223, 129 S.Ct.808, 815 (2009). For all these reasons, Davis' Motion To Vacate Judgment is **DENIED**.

   **IT IS SO ORDERED.**

DATED: May 2, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge